FILED

2011 Jun-02  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

SARA R. RUSHING,

      Plaintiff,

v.

                                  CASE NO. CV-10-J-3406-NE

LANDRY'S RESTAURANT'S,
INC., LANDRY'S SEAFOOD
HOUSE-ALABAMA, INC.,

      Defendants.

## MEMORANDUM OPINION

Pending before the court are defendant's motion to dismiss (doc. 13) and plaintiff's opposition to said motion (doc. 19). The parties appeared through counsel at a hearing in open court. Having considered the parties' arguments and the foregoing pleadings, the court finds as follows:

## Procedural Background

Plaintiff, an Alabama resident, filed her original complaint on December 8, 2010, alleging that she was injured when she slipped on ice in the parking lot of Landry's Seafood House in Huntsville, Alabama. Compl. ¶¶ 6–7. The original complaint named Landry's Restaurants, Inc. ("Landry's Restaurants"), a Delaware Corporation with its principal place of business in Texas, as the sole defendant.

Compl.; Answer ¶ 2.

On January 5, 2011, in its Answer, defendant Landry's Restaurants asserted an affirmative defense, stating that plaintiff "has failed to join all necessary parties as defendants to this lawsuit whereas the owner of the real property made the basis of this lawsuit is Landry's Seafood House-Alabama, Inc." *See* Answer ¶ 45. Thus, plaintiff filed a First Amended Complaint on April 4, 2011, adding defendant Landry's Seafood House-Alabama, Inc. ("Landry's Seafood"). Doc. 12.

Landry's Seafood is an Alabama corporation, and a wholly-owned subsidiary of Landry's Restaurants. Doc. 13 Exh. B; Doc. 21. Defendants move to dismiss this action on the ground that this court lacks subject-matter jurisdiction, as Landry's Seafood and plaintiff are non-diverse parties.

## **Factual Background**

On April 30, 2009, plaintiff's counsel sent a letter to Landry's Seafood House in Huntsville, requesting information related to the incident. *See* Doc. 19 Exh. 1 at 3. The letter was mailed to the physical address of the Landry's restaurant where plaintiff fell and was addressed to "Landry's Seafood House." *Id.*

On May 5, 2009, Landry's Restaurants in Houston, Texas, responded to plaintiff's counsel's letter, stating in pertinent part:

I have received and reviewed your letter of April 30, 2009. Please

forward all communications to this office.

After careful review of the facts and circumstances surrounding your client's incident, we are unable to establish any negligence on our part. Therefore, we will be unable to accept liability.

*See* Doc. 19 Exh. 1 at 4.

## Analysis

Ordinarily, federal diversity subject-matter jurisdiction only exists when all plaintiffs are diverse in citizenship from all defendants. *See* 28 U.S.C. § 1332. However, the addition of a nondiverse party does not defeat diversity jurisdiction unless the party was indispensable at the time the plaintiff filed its complaint. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Whalen v. Carter*, 954 F.2d 1087, 1096 (5th Cir. 1992). Thus, this court must determine whether Landry's Seafood is an indispensable party to this action.

Rule 19 of the Federal Rules of Civil Procedure provides for mandatory joinder of parties whose absence will prejudice either the absent party or the litigants. Fed. R. Civ. P. 19(a). Where the required party cannot be joined–because doing so would defeat subject-matter jurisdiction–the court must determine whether the lawsuit can proceed without the party "in equity and good conscience." Fed. R. Civ. P. 19(b). In determining whether a party is indispensable, the court must consider the prejudice suffered by the litigants,

whether it can shape relief to avoid prejudice, whether a judgment would be adequate, and whether the plaintiff would have an adequate remedy if the action were dismissed. *Id.* The court may also consider other "pragmatic considerations." *See* Fed. R. Civ. P. 19 advisory committee notes.

Defendant Landry's Restaurants would not be prejudiced by failure to join Landry's Seafood. Landry's Restaurants has provided no evidence that it would have likely incurred inconsistent obligations based on Landry's Seafood's interest in the litigation, nor does this court find any such evidence.[1] Landry's Seafood is a wholly-owned subsidiary of Landry's Restaurants and there is nothing showing that Landry's Seafood's interests would not be fully protected by Landry's Restaurants' presence in the litigation.

Furthermore, courts addressing this issue have distinguished situations based on the relief sought by plaintiff, favoring dispensability of the absent party when only money damages are sought. *See* Fed. R. Civ. P. 19 advisory committee notes (stating that money damages in lieu of specific relief would alleviate adequacy concerns); *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344–45

---

[1]Although the incident giving rise to this action occurred on premises owned and operated by Landry's Seafood, plaintiff's allegations against Landry's Restaurants are not based on an alter ego or respondeat superior theory.  She makes substantive allegations against the parent corporation. *See* Doc. 12. *Cf. Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553 (5th Cir. 1985) (holding that corporation's wholly-owned subsidiary was an indispensable party where plaintiff's only argument against the parent corporation was based on the "alter ego" theory).

(11th Cir. 2011) (stating that judgment concerns come into play only when litigants seek specific relief); *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981). Plaintiff seeks only money damages in this case. Thus, there are no concerns about the adequacy of a judgment against Landry's Restaurants, nor of prejudice of that judgment against Landry's Seafood.

Furthermore, plaintiff would not have an adequate relief were this court to dismiss this action. Since the filing of this action, the statute of limitations on plaintiff's negligence claim has expired; if this court were to dismiss this action, plaintiff would not be permitted to refile her negligence claim in state court.[2]

The above analysis alone leads this court to conclude that defendant Landry's Seafood was not an indispensable party at the time plaintiff filed her action.

However, this court also feels it prudent to note the actions of defendant Landry's Restaurants. Landry's Restaurants responded to the letter plaintiff sent to the physical address of Landry's Seafood and evaluated its liability in connection with plaintiff's demand. Perhaps most importantly, it requested that all future

---

[2]The court asked defense counsel at the hearing if defendants were willing to waive the defense of the statute of limitations were this case to be remanded to state court or dismissed without prejudice to plaintiff's right to refile in state court. Counsel for defendants stated she had specifically asked her client about that and he had stated that defendants were **not**.

communications be forwarded to its office in Texas. Because of this request and its failure to provide any indication that it did not own or operate the restaurant at issue, Landry's Restaurants perpetuated the notion that it was the proper entity for the suit. Plaintiff reasonably relied on the assumption that Landry's Restaurants was the proper entity and proceeded with her action against it. Now, Landry's Restaurants attempts to benefit from this trickery by asking this court to dismiss the action against it.

A balance of the factors laid out in Rule 19 leads this court to conclude that defendant Landry's Seafood was not an indispensable party at the time plaintiff filed her action. Thus, joining Landry's Seafood to this action does not deprive this court of subject-matter jurisdiction. This court **ORDERS** that defendants' motion to dismiss (doc. 13) is due to be **DENIED**. The court shall so rule by separate order.

**DONE** and **ORDERED** this 2nd day of June 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE